IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER J. REGAN and
PAIGE C. REGAN,

    Plaintiffs,

v.                                                 Civil Action No. 5:12CV25
                                                                 (STAMP)
COVENTRY HEALTH & LIFE
INSURANCE COMPANY,
a Maryland corporation and
CARELINK HEALTH PLANS, INC.,
a West Virginia corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTION TO REMAND**

I. Procedural History

Plaintiffs, Christopher and Paige Regan, filed the above-style civil action against defendants, Coventry Health & Life Insurance Company ("Coventry") and Carelink Health Plans, Inc. ("Carelink"), in the Circuit Court of Ohio County, West Virginia alleging breach of a health insurance contract. Defendants removed the case to this Court, arguing that the plaintiffs' claims fall under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et. seq. ("ERISA"). Plaintiffs then filed a motion to remand, which is now fully briefed, claiming a lack of federal question jurisdiction. In this motion, the plaintiffs argue that the defendants have failed to meet their burden of proving that the plaintiffs' health insurance policy is subject to ERISA. They also raised the possible applicability of ERISA's safe harbor provision

to their health insurance plan. Based upon the minimal amount of information made available to this Court regarding the applicability of the safe harbor provision, this Court directed the parties to file supplemental briefs solely addressing the ERISA safe harbor provision as applicable to the specific health insurance plan involved in this civil action.[1]

The issue at hand is whether the plaintiffs' health insurance plan falls under the ERISA statute. It is the defendants' burden to prove, by a preponderance of the evidence, that the plan qualifies as an ERISA plan. For the following reasons, this Court finds that the defendants have not met their evidentiary burden and therefore grants the plaintiffs' motion to remand.

## II. Facts

Defendant Coventry Health and Life Insurance Company was the underwriter of a PPO health insurance policy issued to some employees of the law firm of Bordas & Bordas, PLLC ("Bordas & Bordas"). Defendant Carelink Health Plans, Inc. is the administrator of claims presented pursuant to the health insurance policies underwritten by Coventry. This action arises from a

---

[1] By this Court's ruling, the specific issue of the applicability of the safe harbor provision is moot and unnecessary to the findings of this Court, and therefore will not be discussed. However, the defendants submitted two documents with their supplemental brief to serve as evidence of their contention that an employee welfare benefit plan exists, and these are considered on that issue.

2

denied claim filed by the plaintiffs under the Bordas & Bordas plan for certain treatment received by Paige C. Regan.

Plaintiffs allege that the defendants' denial of Mrs. Regan's claim violated the West Virginia Unfair Trade Practices Act, W. Va. Code § 33-11-4(9). They further allege damages for emotional distress, inconvenience, annoyance, humiliation, embarrassment, aggravation, and other general damages. Additionally, plaintiffs declare that the acts and omissions of defendants were intentional, willful and outrageous, and were done in bad faith and without regard to the plaintiffs' rights. Finally, plaintiffs argue that punitive damages are appropriate.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331 and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). Federal courts possess original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The party seeking removal bears the burden of establishing federal jurisdiction. Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921); see Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (removing defendant bears the burden). Removal jurisdiction is strictly construed and if federal jurisdiction is doubtful, the federal court must remand. Id.

## IV.   Discussion

Defendants here argue that federal question jurisdiction exists under ERISA. In Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 62, 66 (1987), the Supreme Court determined that ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), completely preempts all state law claims that relate to any employee benefit plan to which ERISA applies. ERISA defines "employee welfare benefit plan" and "welfare plan" as

> [A]ny plan, fund or program which is heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits . . .

29 U.S.C. § 1002(1) (emphasis added). The term "employee benefit plan" or "plan" means an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension plan. 29 U.S.C. § 1002(3).

4

In order to survive a motion to remand, a defendant removing a case on the basis that a plaintiff's state law claims are preempted by ERISA must prove by a preponderance of the evidence that the policy at issue is an ERISA plan. Walls v. Lemmon, No. 5:07-CV-00207, 2007 WL 3046218, at *1 (S.D. W. Va. Oct. 17, 2007) (citing Keating v. Jefferson Pilot Fin. Ins. Co., No. 07-0015, 2007 U.S. Dist. LEXIS 27272, at *3 (N.D. Cal. Mar. 28, 2007)); see, e.g., Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148 (4th Cir. 1994); Kerr v. United Teacher Assoc. Ins. Co., 313 F. Supp. 2d 617 (S.D. W. Va. 2004).

In their response to plaintiffs' motion to remand, the defendants acknowledge that they bear the burden of proving that the Bordas & Bordas plan is an ERISA covered plan in this case. (ECF No. 10 at 6.) In support of this assertion, the defendants proffer the following documents: a PPO Certificate of Insurance (ECF No. 10-1); Paige C. Regan's health insurance card (ECF No. 10-2); a letter from James G. Bordas, III, to defendants, in which he notes that he is the "plan fiduciary" and "administrator" of the plaintiffs' "group health plan" (ECF No. 10-3); and a letter from Scott S. Blass, enclosing the letter from James G. Bordas, III (ECF No. 10-4). Defendants subsequently submitted both a Group Application (ECF No. 15-2) and a Group Agreement (ECF No. 15-1) as proof of a Bordas & Bordas employee welfare plan.

However, simply because a health insurance plan exists does not mean that it is an ERISA plan. Gaylor v. John Hancock Mut. Life Ins. Co., 112 F.3d 460 (10th Cir. 1997) (citing Hansen v. Continental Ins. Co., 940 F.2d 981 (5th Cir. 1991)). Furthermore, the purchase of every insurance policy does not automatically establish a welfare benefit plan under ERISA. Custer v. Pan Am. Life Ins. Co., 12 F.3d 410 (4th Cir. 1993). The Eleventh Circuit in Donovan v. Dillingham, 688 F.2d 1367 (11th Cir. 1982), set forth a test for determining whether ERISA applies, and held that there must be (1) a plan, fund or program, (2) established or maintained (3) by an employer, employee organization, or both, (4) for the purpose of providing a benefit, (5) to the employees or their beneficiaries. Donovan at 1371; 29 U.S.C. § 1001, et. seq. The courts in this circuit have consistently applied the Donovan test in determining the applicability of ERISA. See, e.g., Madonia v. Blue Cross & Blue Shield of Va., 11 F.3d 444 (4th Cir. 1993); Woodruff v. Monumental Life Ins. Co., No. 5:10-CV-95, 2011 WL 320621 (W.D. Va. Jan. 27, 2011); Dawkins v. Owens Corning Hourly Emp. Ret. Plan, No. 8:02-2403-27, 2007 WL 2903955 (D.S.C. Sept. 30, 2007); Tucci v. First Unum Life Ins. Co., 446 F. Supp. 2d 473 (D.S.C. 2006); Barriner-Willis v. Healthsource N.C. Inc., 14 F. Supp. 2d 780 (E.D.N.C. 1998); Gardner v. E.I. Dupont De Nemours and Co., 939 F. Supp. 471 (S.D. W. Va. 1996); ELCO Mech. Contractors,

Inc. v. Builders Supply Ass'n of W. Va., 832 F. Supp. 1054 (S.D. W. Va. 1993).

In Custer v. Pan Am. Life Ins, Co., the Fourth Circuit found that all five criteria from Donovan were met in the determination that Ohio Valley Candy, the employer in that case, had established an employee welfare benefit plan subject to ERISA. 12 F.3d at 418; Donovan, 688 F.2d at 1371. The circumstances in that case were undisputed: at the direction of the company president, the employer purchased a group insurance policy for the benefit of its company's employees; the company determined the benefits to be provided by the policy, negotiated the terms of the policy, and paid for one-half of the costs. Id. In Madonia v. Blue Cross & Blue Shield of Va., 11 F.3d 444, 445 (4th Cir. 1993), the employer, MNA, applied for and purchased a group health insurance plan from the defendant. Two employees of MNA applied for and obtained coverage under from defendant under MNA's policy. Id. MNA made direct payments to the defendant for the employees' premiums. Id. Another employee obtained a health insurance policy from another company but MNA supplied the funds for her to pay the monthly premiums. Id. The Fourth Circuit Court found that an ERISA plan existed because the defendant showed: the parameters of the health insurance plan were readily ascertainable; the plan clearly identified the intended benefit, beneficiaries, source of financing to the employer and its employees, and procedure for receiving benefits. Id. at 447.

7

In this case, however, the defendants have presented limited evidentiary documents for this Court to consider in its decision whether the defendants met their burden of proof by a preponderance of the evidence. Although the insurance card (ECF No. 10-2) and the two letters (ECF No. 10-3; ECF No. 10-4) submitted indicate that both parties acknowledge that an insurance plan exists, the defendants have failed to show that it is an employee welfare benefit plan, such that it would fall under ERISA. Unlike in Custer, it is not shown that the policy was actually obtained by Bordas & Bordas for its employees. Custer, 12 F.3d 410. Although the Group Application presented by the defendants (ECF No. 15-2) is completed and signed by James G. Bordas, III, and also indicates that Bordas & Bordas would contribute 75% of employees' health insurance premiums, no evidence has been presented that said application was accepted and thus became the plan in question. The Group Agreement (ECF No. 15-1) and PPO Certificate of Insurance (ECF No. 10-1) mention neither the plaintiffs nor the employer by name. The affidavit attached as ECF No. 10-5 declares that the Certificate of Insurance is "an authentic plan document for Plaintiffs' Christopher Regan and Paige C. Regan's group health insurance policy." However, this Court cannot determine, without further proof, that the Certificate of Insurance is, in fact, the specific policy provided on the plaintiffs' behalf.

Finally, unlike in <u>Madonia v. Blue Cross & Blue Shield of Va.</u>, no evidence has been provided by defendants that Bordas & Bordas submitted any form of payment of premiums for the plaintiffs. <u>Madonia</u> 11 F.3d 444.  If the employer merely facilitates the purchase of a group insurance policy, and the policy is paid for entirely by the employees, the employer is not establishing a plan. <u>Custer v. Pan Am. Life Ins. Co.</u>, 12 F.3d 410, 417 (4th Cir. 1993); <u>see</u> 29 C.F.R. § 2510.3-1(j).  Here, the defendants have failed to present sufficient evidence to show that Bordas & Bordas purchased the plan at issue or made any payments to the defendants on behalf of the Bordas & Bordas employees.

In order to overcome plaintiffs' motion to remand, the defendants' must prove that the health insurance policy in question qualifies as an ERISA plan, by a preponderance of the evidence, and therefore falls under this Court's federal question jurisdiction.  After careful review of the record, this Court finds that defendants have not met that burden.

## V. <u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion to remand (ECF No. 8) is hereby GRANTED.  Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia.  It is further ORDERED that this all other pending motions before this Court (ECF Nos. 6 and No. 17) be DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 11, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE